GEORGE W. COBURN *vs.* MIDDLESEX COMPANY.

Middlesex.    Nov. 20, 1885. — July 3, 1886.    DEVENS & GARDNER, JJ., absent.

A. and B. entered into an indenture, by which A. granted to B., his heirs and assigns, the right to build a mill or mills, and the "privilege to draw and use the water from the mill-pond above said dam for the purpose of carrying said mill or mills;" and A. reserved to himself, his heirs and assigns, "the first and exclusive right to the use of sufficient water from said pond to carry a fulling-mill and three breast-wheels each twelve feet in diameter and fifteen feet in length, with the machinery and works that may be attached to or connected

with the same." A., for himself, his heirs and assigns, covenanted that he would maintain and keep the mill-dam in good repair, and would erect and keep a flume in repair; and that he and his heirs and assigns "will not draw or use any of the water from the aforesaid mill-pond when there is not sufficient head of water in said pond to carry a fulling-mill and three breast-wheels as aforesaid." *Held,* on a bill in equity by a person claiming under B., to restrain a person claiming under A. from removing the breast-wheels and substituting therefor turbine wheels, that the indenture did not restrict A. and those claiming under him to the use of breast-wheels, but that the terms of the reservation, so far as they referred to breast-wheels, were intended to describe the quantity of water the use of which was reserved; and that the bill could not be maintained.

BILL IN EQUITY to restrain the defendant from removing three breast-wheels, which furnish motive power to its mills, and substituting therefor other wheels of a different construction, namely, turbine wheels. The case was heard by *Holmes,* J., upon the bill, answer, and agreed facts; and reserved for the consideration of the full court. The facts appear in the opinion.

.*E. M. Johnson,* for the plaintiff.

*P. Webster,* for the defendant.

FIELD, J.   By an indenture of May 31, 1821, between Hurd and How, Hurd granted to How, his heirs and assigns, the right to build a mill or mills on the Concord River, and the "privilege to draw and use the water from the mill-pond above said dam for the purpose of carrying said mill or mills;" and he reserved to himself, his heirs and assigns, "the first and exclusive right to the use of sufficient water from said pond to carry a fulling-mill and three breast-wheels each twelve feet in diameter and fifteen feet in length, with the machinery and works that may be attached to or connected with the same." Hurd, for himself, his heirs and assigns, covenanted that he would maintain and keep the mill-dam in good repair, would erect a flume near the east end of the dam, and keep it in repair, and that he and his heirs and assigns "will not draw or use any of the water from the aforesaid mill-pond when there is not sufficient head of water in said pond to carry a fulling-mill and three breast-wheels as aforesaid."

The defendant claims under Hurd, and has his rights as reserved in this indenture; the plaintiff claims under How, and has the right to use "one twenty-fourth part of the water privilege conveyed to said How by said Hurd, and subject to the reservations and conditions as contained in said indenture."

The plaintiff avers that the motive power of the defendant has heretofore been furnished by three breast-wheels, but that the defendant threatens to remove the breast-wheels and put in place of them turbine wheels; and he prays that the defendant may be restrained from making " the aforesaid changes or alteration of its said wheels." The defendant admits that it does intend to remove its breast-wheels, and to substitute others therefor of a different kind, and contends that " it has the right to make any change in its wheels, provided that, by so doing, it does not use more water than is sufficient to carry a fulling-mill and three breast-wheels of the dimensions as given in said indenture," &c.

We think it clear that the indenture does not restrict Hurd and those claiming under him to the use of breast-wheels, but that the terms of the reservation, so far as they refer to breast-wheels, are intended to describe the quantity of water the use of which is reserved. It is not agreed as a fact, and we do not judicially know, that it is impossible to measure the quantity of water and the head of water sufficient " to carry . . . . three breast-wheels each twelve feet in diameter and fifteen feet in length, with the machinery and works that may be attached to or connected with the same." There may be more difficulty in measuring the quantity or head of water sufficient to " carry a fulling-mill," but all the facts are not before us which might be competent in determining the construction that should be given to this part of the reservation. On the case as it stands, we cannot attempt to regulate the use of the water by the defendant, or to determine the effect of the acts and usages of the parties upon the quantity of water each is entitled to use. We can find nothing in the facts as expressly agreed, or as admitted by the pleadings, that prevents the defendant from substituting turbine or other wheels for breast-wheels; and this is all that we are now called upon to decide. The fact that the city of Boston took part of the waters of Sudbury River, which is a " feeder to the Concord River," is immaterial upon this question.

*Bill dismissed.*